```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                             :
EDWARD JACKSON,              :
                             :
        Petitioner,          :   Civ. No. 21-9721 (NLH)
                             :
    v.                       :   OPINION
                             :
LAMINE N'DIAYE,              :
                             :
        Respondent.          :
_____ :
```

APPEARANCE:

Edward Jackson
68809-066
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner pro se

HILLMAN, District Judge

    Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.

Filing Fee

    The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not submit an in forma pauperis application or pay the $5.00 filing fee.

Conclusion

The Clerk will be directed to administratively terminate this action.[1] Petitioner shall have thirty (30) days in which to apply to re-open this action by paying the $5.00 filing fee or submitting a complete in forma pauperis application. An appropriate Order will be entered.

Dated: May 7, 2021　　　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).