UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD JACKSON, | 1:21-cv-9721 (NLH) |
| Petitioner, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| LAMINE N'DIAYE, | |
| Respondent. | |

**APPEARANCES**:

Troy A. Archie, Esq.
Afonso Archie Law PC
21 Route 130 South
Cinnaminson, NJ 08077

    *Counsel for Petitioner*

Philip R. Sellinger, United States Attorney
Kristin Lynn Vassallo, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07102

    *Counsel for Respondent*

**HILLMAN, District Judge**

    WHEREAS, Petitioner Edward Jackson filed this habeas petition under 28 U.S.C. § 2241, alleging, among other grounds, that a disciplinary hearing officer ("DHO") at FCI Fort Dix did not allow him to present witnesses at the February 19, 2020 disciplinary hearing on Incident Report No. 3362511; and

    WHEREAS, in an opinion and order dated March 29, 2023, the

Court ruled that it would appoint pro bono counsel and conduct an evidentiary hearing on the issues Petitioner has raised; and

WHEREAS, if the Court determines that Petitioner did not receive due process in connection with a disciplinary hearing, the appropriate remedy is a "curative hearing conducted in accordance with due process requirements," Cannon v. Schultz, No. 08-4514 (RMB), 2010 WL 2539387, at *6 (D.N.J. June 16, 2010); and

WHEREAS, to conserve the time and resources of the Court and the parties, the Respondent has agreed to conduct a new hearing on Incident Report No. 3362511; and

WHEREAS, Petitioner consents to entry of this order,

THEREFORE, IT IS on this  29th  day of  September, 2023

ORDERED that the petition be, and the same hereby is, DISMISSED without costs, fees, or disbursements to any party; and it is further

ORDERED that Respondent will conduct a new hearing ("Rehearing") before a Discipline Hearing Officer ("DHO") on Incident Report No. 3362511 within 45 days of the date of this Order; and it is further

ORDERED that at the Rehearing, the DHO will afford Petitioner the opportunity to present witnesses.  If Petitioner waives this right, the DHO shall note the waiver in the DHO report; and it is further

2

ORDERED that nothing in this order shall prevent the DHO from denying a request to present witnesses in accordance with BOP policy; and it is further

ORDERED that nothing in this order shall prevent the DHO from reaching a particular conclusion as to whether Petitioner committed any prohibited act set out in 28 C.F.R. § 541.3 or imposing any sanction authorized by that provision; and it is finally

ORDERED that at the conclusion of the Rehearing, Respondent shall adjust, modify or expunge Petitioner's previously imposed sanctions in accordance with the findings of DHO.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |